UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

Evelyn English,
         Plaintiff

v.                                        Civil Action No._____

M/V Vineyard Lady
Hyannis Harbor Tours, Inc.
d/b/a Hy-Line Cruises and/or
Hy-Line Ferry
         Defendants

---

## PLAINTIFF'S COMPLAINT

### PARTIES

1. Evelyn English, the Plaintiff, is a resident of Maryland.

2. Hyannis Harbor Tours, Inc. d/b/a Hy-Line Cruises or Hy-Line Ferry, the Defendant, is a
   common carrier in the business of ferrying passengers with a principal place of business
   at 22 Channel Point Road in Hyannis, within the Commonwealth of Massachusetts.

3. The M/V Vineyard Lady, the Defendant, is a vessel making port in Hyannis,
   Commonwealth of Massachusetts, owned and operated by the Defendant Hyannis Harbor
   Tours, Inc. d/b/a Hy-Line Cruises or Hy-Line Ferry.

### JURISDICTION/VENUE

4. The Court has subject matter jurisdiction as this is a case in Admiralty brought under
   general maritime laws of the United States.

5. The Court has concurrent/pendent jurisdiction over tort claims based in Massachusetts
   law.[1]

6. Jurisdiction may also be based on diversity of citizenship pursuant to 28 U.S.C., Section
   1332. This action is brought between parties of different states and the amount in
   controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest

---

[1] HAGANS v. LAVINE, 415 U.S. 528, 94 S. Ct. 1372

DocuSign Envelope ID: 9E4FB8BC-510A-47A5-A7DA-E637BCFE266E

and costs.

7. The Court has personal jurisdiction over the Defendant as the vessel makes port in Hyannis, the corporation's principal place of business is within the Commonwealth of Massachusetts.

8. The Court has jurisdiction over the vessel in-rem as the vessel is within the district and in all likelihood will be in the district during the pendency of this action.

## FACTUAL ALLEGATIONS

9. The Plaintiff was one member of a church group traveling from Maryland to Massachusetts.

10. From June 25 – June 29 of 2018, approximately 50 members of St. John Baptist Church of Columbia, MD were on a bus tour of the Cape Cod region.

11. The tour included visits to Nantucket and Martha's Vineyard by ferry.

12. On the morning of June 28, 2018, the group departed Hyannis harbor for Martha's Vineyard on the Hy-Line Ferry.

13. The vessel was The Vineyard Lady.

14. The captain and crew of the vessel were aware of inclement weather in the forecast.

15. The Vineyard Lady went through inclement weather and heavy rain anyway.

16. The Plaintiff and her companions were on the lower, interior deck.

17. About halfway through the trip, water began leaking heavily from the ceiling of the lower deck.

18. At one point a large metal sheet fell from the ceiling onto the aisle floor.

19. The leaks were coming from several places in the ceiling of the interior deck.

20. Crew members placed several buckets under the leaks to capture the water, but were unsuccessful.

21. Passengers were using umbrellas to keep themselves dry from the leaking ceiling.

22. As the vessel pulled into port in Martha's Vineyard, Ms. English was standing in line for the bathroom.

23. The floor in front of the bathroom was wet from water that had dripped from the ceiling.

24. The water was so significant, that it was visibly flowing with the movement of the vessel.

25. As the vessel pulled into port and Ms. English attempted to access the bathroom, the vessel lurched forward violently and she slipped and fell on the water while trying to steady herself.

26. The slip and fall incident caused her to break her leg, specifically her right femur, in multiple places.

27. The vessel had no rubber mats or any equivalent in the aisle or near the bathrooms at the time of the Plaintiff's incident.

28. However, on the return trip to Cape Cod, such mats were placed in strategic areas.

29. Ms. English was taken from the vessel by ambulance and brought in for emergency treatment at Martha's Vineyard Hospital and then transferred to Massachusetts General Hospital for surgery.

### MARITIME NEGLIGENCE, GROSS NEGLIGENCE & UNSEAWORTHINESS

30. The Plaintiff realleges and reavers paragraphs 1-29 as if expressly stated herein.

31. The Defendant is a "common carrier."[2]

32. As a common carrier, the Defendant has a heightened duty of care to passengers aboard its ferry.[3]

33. The Defendant, a common carrier, also undertakes an absolute duty to protect passengers against the negligence of its own servants, employed in executing the transportation and acting within the general scope of their employment.[4]

---

[2] Martin v. Cape Fear, Inc., 2004 U.S. Dist. LEXIS 7722 see also The Huntress, 1840 U.S. Dist. LEXIS 26, 12 F. Cas. 984, 2 Ware 89, 4 W.L.J. 38

[3] Ramsay v. Frontier, Inc., 2020 U.S. Dist. LEXIS 151176, 2020 WL 4557545 citing Restatement (Second) of Torts § 314A (1) & (2) (explaining that innkeeper's duty to his guests is the same as that of a common carrier to its passengers in terms of protection against unreasonable risk of physical harm). See also Liverpool and Great Western Steam Co. v. Phenix Ins. Co., 129 U.S. 397, 440, 9 S. Ct. 469, 32 L. Ed. 788 (1889). Other courts have used various language in imposing similarly high standards: Pennsylvania Co. v. Roy, 102 U.S. 451, 456, 26 L. Ed. 141 (1880), Stokes v. Saltonstall, 13 Pet. 181, 38 U.S. 181, 191, 10 L. Ed. 115 (1839) (duty to transport passengers safely, "[as] far as human care and foresight can go"); Allen v. Matson Navigation Company, 255 F.2d 273, 277 (9th Cir. 1958) ("extraordinary vigilance and the highest skill"); Moore v. American Scantic Line, 121 F.2d 767, 768 (2nd Cir. 1941) ("as much skill, care, and prudence as an exceedingly competent and cautious man would bring to the task in like circumstances"); Kitsap County Transp. Co. v. Harvey, 15 F.2d 166, 167 (9th Cir. 1926) ("high degree of care"); Gardner v. Panama Canal Co., 115 F. Supp. 687 (D. Canal Zone 1953); Robinson, id. at 553: "very high degree of care, prudence and foresight"); The Arabic, 34 F.2d 559, 562 (S.D.N.Y.1929) ("highest degree of care").

[4] New Jersey S.B. Co. v. Brockett, 121 U.S. 637, 7 S. Ct. 1039, 30 L. Ed. 1049, 1887 U.S. LEXIS 2082

34. The Defendant, as a common carrier, is also required to provide seaworthy and adequately equipped vessels.[5]

35. The Defendant, as a common carrier, has the "highest degree of care and diligence in providing for the safety of passengers."[6]

36. The existence of water on a vessel is a foreseeable risk of harm to the passengers.

37. The weather and sea-state forecast is also a foreseeable risk of harm to the passengers.

38. The weather and sea-state's effect on the operation of the vessel is also a foreseeable risk of harm to the passengers.

39. A passenger losing her balance while walking to the restroom abord the vessel is also a foreseeable risk of harm to a passenger.

40. The vessel was <u>unseaworthy</u> as the Defendant failed to provide basic security measures, such as rubber mats and safety rails.

41. The vessel was also <u>unseaworthy</u> as the crew failed to adhere to the heightened duty of care to passengers owed by a common carrier throughout the voyage.

42. The Defendant breached their duties in the following manners:

    a.  Failing to warn the passengers of the dangerous condition;

    b.  Failing to remedy/abate the dangers created by the water intrusion;

    c.  Failing to make use of proper safety methods and well-known and approved appliances for the safety of the passengers[7];

    d.  Failing to keep or maintain the vessel in a reasonably safe and <u>seaworthy</u> condition;

    e.  Operating the vessel in a fashion which caused passengers to lose their balance and fall;

    f.  Operating the vessel through the inclement weather;

    g.  Failing to provide a seaworthy crew; and

    h.  In other ways as will be discovered through discovery and proven at trial.

43. The Defendant was <u>grossly negligent</u> in its reckless disregard for the safety of its passengers, such as the Plaintiff.

---

[5] <u>Rizzo v. Winnisimet Co., 217 Mass. 19, 104 N.E. 363, 1914 Mass. LEXIS 1156</u>
[6] <u>Compagnie Generale Transatlantique, etc., 392 F. Supp. 973, 1975 U.S. Dist. LEXIS 12825</u>
[7] <u>Rizzo v. Winnisimet Co., 217 Mass. 19, 104 N.E. 363, 1914 Mass. LEXIS 1156</u>

44. The Defendant was <u>grossly negligent</u> in the following ways:

    a.  Failing to adhere to the most basic safety standards;

    b.  Failing to use the most basic safety equipment;

    c.  Failing to keep the vessel in a safe condition for passengers;

    d.  Navigating the vessel through clearly dangerous weather and sea-state;

    e.  And in other ways as will be discovered through discovery and proven at trial.

45. As a direct and proximate result of the negligence, gross negligence and unseaworthiness of the Defendant, its' vessel and its crew, the Plaintiff sustained severe personal injuries, suffered great physical and emotional pain, accumulated medical and hospital bills and other out of pocket expenses, and was damaged in other ways as will be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, Evelyn English demands judgment against the Defendants for all damages allowable by law together with interest, costs and attorney's fees.

Plaintiff,
By her attorneys,

<u>/s/ Joseph M. Orlando, Jr., Esq.</u>
Joseph M. Orlando, Jr., Esq.
MA BBO# 680995 (pro hac vice)
Joseph M. Orlando, Esq.
BBO# 380215
Orlando & Associates, P.C.
One Western Avenue
Gloucester, MA 01930
Ph. (978) 283-8100
Fx. (978) 283-8507
jmorlandojr@orlandoassociates.com

<u>Verification</u>

<u>Date: 6/18/2021</u>

On information and belief, the
Vineyard Lady is in port in the
jurisdiction and is expected to

DocuSign Envelope ID: 9E4FB8BC-510A-47AF-A7DA-E637BCFE266F

remain so during the pendency
of this action.

Evelyn English